Craig Sanders (SBN: 284397)
   csanders@sanderslaw.group
**SANDERS LAW GROUP**
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Telephone: (516) 203-7600

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Grecco Productions, Inc., | Case No: |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §501** |
| v. | |
| KQED Inc, | JURY TRIAL DEMAND |
| Defendant. | |

    Plaintiff Michael Grecco Productions, Inc. ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant KQED Inc ("*Defendant*") states and alleges as follows:

## INTRODUCTION

    1.    This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

    2.    Michael Grecco ("*Grecco*") created a photograph of a reformed warrior princess also known as Xena: Warrior Princess (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3.    Grecco is an author and award-winning photographer and director based in Los Angeles. Over a span of 45 years, Grecco has built a global brand based on his celebrity, fine art, advertising, fashion, portraiture, and editorial photography. Grecco is often referred to in media as the "Master of Lighting." He is the author of two best-selling books on the subject, Lighting and the Dramatic Portrait: The Art of Celebrity and Editorial Photography (2006), and The Art of Portrait Photography: Creative Lighting Techniques and Strategies (2009).

4.    Grecco's third book, 2007's Naked Ambition, presented his portfolio of images shot backstage at the Adult Video News Awards (AVN) – known as the Oscars of the Porn Industry – presenting hundreds of photographs of important personalities from the adult film world. The book's success spun off the 2010 companion longform documentary, "Naked Ambition: An R-Rated Look at an X-Rated Industry.

5.    Grecco's multimedia exhibition "Days of Punk" is touring museums and galleries in the U.S. and around the world. The centerpiece of the show is the portfolio of photographs of punk music acts that he shot at the beginning of his career while living in Boston. These images led to Grecco authoring another best-selling book Punk, Post Punk, New Wave: Onstage, Backstage, In Your Face, 1978–1991 (Abrams Books, 2020), which introduced these images for the first time. The initial public showing of this historic, previously unseen body of work was at Photo London in 2021 as the multimedia exhibition "Days of Punk" which is currently touring the world.

6.    Grecco is also an advocate for artists' rights behind the scenes. He is the founding board member of the collecting society, The American Society for Collective Rights (https://ascrl.org/), a leader in the administration and distribution of collective revenue from around the world for U.S. photographers, illustrators and rights holders of published works.

7.    Grecco has been Chairman of the Board for Advertising Photographers of America/Los Angeles and also served as National Vice President and Chairman of its Advocacy Committee. He was on the Executive Board of Directors for Editorial Photographers for five years. Other affiliations include being a selected member of Canon's Explorers of Light Program, and since 2001, a Hasselblad Master Photographer and a Lecturer for the Kodak Mentor program.

8.    Upon information and belief, Defendant is a public media outlet based in the San Francisco Bay Area of California which operates the radio station KQED-FM and the television stations KQED/KQET and KQEH.

9.    In furtherance of its business operations, Defendant also owns and operates a website at www.kqed.org (the "*Website*").

10.    Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Photograph on the Website as part of a promotional article and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

11.    Plaintiff Michael Grecco Productions, Inc. is a California corporation and maintains a principal place of business in Los Angeles County, California.

12.    Upon information and belief, defendant KQED Inc, is a California corporation with a principal place of business at 2601 Mariposa Street, San Francisco in San Francisco County, California.

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

14.    This Court has personal jurisdiction over Defendant because it maintains its principal place of business in California.

15.    Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does

business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.    Plaintiff's Copyright Ownership**

16.    Plaintiff is a professional photo agency by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

17.    Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

18.    Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

19.    Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

20.    On June 7, 1997, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

21.    In creating the Photograph, Grecco, personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

22.    On January 19, 2017, the Photograph was registered by the USCO under Registration No. VA 2-030-740.

23.    Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.    Defendant's Infringing Activity**

24.    Defendant is the registered owner of the Website and is responsible for its content.

25.    Defendant is the operator of the Website and is responsible for its

content.

26.    The Website is a key component of Defendant's popular and lucrative commercial enterprise.

27.    Upon information and belief, Defendant is a sophisticated media company which owns a comprehensive portfolio of digital marketing assets and has advanced operational and strategic expertise in an industry where copyright is prevalent.

28.    Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure that images used in their articles have been properly licensed.

29.    Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

30.    Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

31.    Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

32.    On or about January 13, 2019, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Defendant displayed the Photograph on the Website as part of an on-line story at URL: https://www.kqed.org/pop/108284/victoria-season-3-premiere-recap-god-save-the-queen. A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

33.     The Photograph was intentionally and volitionally copied and stored by Defendant at URL: https://cdn.kqed.org/wp-content/uploads/sites/12/2019/01/xena-victoria-crossover-800x1200.jpg.

34.     The Infringement is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant

35.     Plaintiff first observed the Infringement on September 19, 2024.

36.     Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

37.     The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement.

38.     Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited to Plaintiff's Photograph.

39.     Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

40.     Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

41.     Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

42.     Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

43.     Upon information and belief, Defendant monitors the content on its Website.

44.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

45.     Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase its business revenue.

46.     Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

47.     Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

48.     Defendant's use of the Photograph harmed the actual market for the Photograph.

49.     Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

50.     On January 22, 2025, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

51.     Despite Plaintiff's efforts and willingness to address Defendant's infringing activity Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

52.     Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

53.     As a result of Defendant's misconduct, Plaintiff has been substantially

harmed.

PLAINTIFF'S COMPLAINT

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

54.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

55.    The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

56.    The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

57.    Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

58.    Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

59.    Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

60.    Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

61.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504

in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

62.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

63.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## ,**JURY DEMAND**

64.    Plaintiff hereby demands a trial of this action by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.  for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505

e.  for pre-judgment interest as permitted by law; and

f.  for any other relief the Court deems just and proper.

DATED: May 30, 2025

**SANDERS LAW GROUP**

By:  */s/ Craig Sanders*
Craig Sanders, Esq. (SBN: 284397)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 131277

*Attorneys for Plaintiff*

PLAINTIFF'S COMPLAINT